UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON PLUNK,<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01820-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Shannon Plunk is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 11, 2015, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 7.)

Currently before the Court is Plaintiff's complaint, filed December 1, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On August 3, 2015, the Sheriff's Department went to Plaintiff's residence and used excessive force injuring Plaintiff's back and neck.

Plaintiff fell off his bunk numerous times because there were no railings or ladder and despite dislocating his shoulder, he was not evaluated by a proper doctor for months. Plaintiff was never provided pain medication and x-rays were never performed.

## III.
## DISCUSSION

### A.   Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

1  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
2  Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights,
3  but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada
4  ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S.
5  386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts
6  demonstrating the existence of a link, or causal connection, between each defendant's actions or
7  omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726
8  F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

9  Plaintiff names only officer Padila of the Porterville Police Department but fails to link him to
10 affirmative actions or omissions giving rise to his alleged constitutional violations, and mere negligent
11 conduct fails to give rise to a constitutional violation.

12 **B.    Municipal Liability**

13 Plaintiff names Tulare County as the Defendant in this action.

14 A local government unit may not be held responsible for the acts of its employees under a
15 respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691
16 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-1164 (9th Cir. 2003). Generally, a claim against a local
17 government unit for municipal or county liability requires an allegation that "a deliberate policy,
18 custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."
19 Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris,
20 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be
21 imposed where the local government unit's omission led to the constitutional violation by its
22 employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the
23 municipality's deliberate indifference led to its omission and that the omission caused the employee to
24 commit the constitutional violation." Id. Deliberate indifference requires a showing "that the
25 municipality was on actual or constructive notice that its omissions would likely result in a
26 constitutional violation." Id.

27 The abuse of power through the use of excessive force by a county deputy does not confer
28 liability upon the county itself absent a showing that the county inflicted the injury complained of

through its acts or omissions.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  A claim against a municipality for failure to train may only be premised on a deliberate or conscious choice not to train.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010).  Plaintiff's complaint contains no facts to support a claim for municipal liability.

### C. Medical Treatment

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards."  Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-

4

83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's vague and conclusory allegations that he was not evaluated by a proper doctor for months and was never provided pain medication and x-rays were never performed, fails to give rise to a claim of "deliberate indifference."  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient.)  Plaintiff is cautioned that mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Further, mere negligence or medical malpractice does not support a constitutional violation.  Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980).  Accordingly, Plaintiff fails to state a cognizable constitutional violation based on his medical treatment and/or lack thereof.

**D.     Excessive Force**

It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham V. Connor, 490 U.S. 386, 395 n.10 (1989)).  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, __ U.S. __, __, 135 S.Ct. 2466, 2473 (2015).

Plaintiff presents only a conclusory claim that he was subjected to excessive force during the arrest at his residence.  Plaintiff has not clearly delineated the factual allegations surrounding the use of force.  As such, the Court cannot determine whether it is plausible that force purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson,  135 S.Ct. at 2473.  Plaintiff does not explain what led to the incident, where the incident took place, what if any

reasons were given by defendants for their actions, whether defendants engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was objectively unreasonable. Accordingly, Plaintiff fails to state a cognizable claim for excessive force under the Fourteenth Amendment.

### E. Challenge Criminal Proceedings

Plaintiff appears to challenge his criminal sentence and the denial of his placement in the mental health court program or drug diversion program.

A person seeking to challenge the lawfulness of his criminal conviction and sentence must seek relief by filing a petition for writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Accordingly, Plaintiff cannot seek to challenge the legality of his conviction and/or sentence by way of a complaint filed pursuant to 42 U.S.C. § 1983.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted). In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss any claims it finds to be

improperly joined.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 1, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 5, 2016**

_____
UNITED STATES MAGISTRATE JUDGE