1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SHANNON PLUNK, | )  Case No.: 1:15-cv-01820-SAB (PC) |
| 12        Plaintiff, | ) |
| 13    v. | )  ORDER DISMISSING COMPLAINT, WITH<br>)  PREJUDICE, FOR FAILURE TO STATE A<br>)  COGNIZABLE CLAIM FOR RELIEF |
| 14  TULARE COUNTY, et al., | ) |
| 15        Defendants. | )  [ECF No. 11] |
| 16 _____ | ) |

17        Plaintiff Shannon Plunk is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.  On December 11, 2015, Plaintiff consented to magistrate judge

19 jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 7.)

20        Currently before the Court is Plaintiff's second amended complaint, filed March 16, 2016.

21 (ECF No. 11.)

22                                      **I.**

23                         **SCREENING REQUIREMENT**

24        The Court is required to screen complaints brought by persons proceeding in pro per.  28

25 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

26 claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be

27 granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28

28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

As with Plaintiff's two prior complaints, Plaintiff contends in vague and conclusory fashion that he was bitten by a spider, suffered burns to his ears due to the lack of a heating thermostat, smashed into the electric doors due to the lack of warning sign, and fell from the bunk due to the lack of guard railings.

Plaintiff was subjected to excessive force by the Porterville Police Department after he was falsely arrested.

///

///

///

///

2

### III.

### DISCUSSION

**A.      Federal Rule of Civil Procedure 8**

Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While Plaintiff's complaint attempts to set forth serious claims, Plaintiff's allegations consist of vague, conclusory statements devoid of specific facts, and the Court cannot determine after two previous attempts to amend, whether Plaintiff's claims are potential meritorious or simply implausible. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements plainly and succinctly. Jones v. Community Rede v. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In short, Plaintiff has not alleged sufficient facts showing personal acts or failure to act by any of the Defendants to give rise to any cognizable claim for relief under section 1983. As discussed above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**B.      Municipal Liability**

Plaintiff names Tulare County as the Defendant in this action.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-1164 (9th Cir. 2003). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be

3

imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

The abuse of power through the use of excessive force by a county deputy does not confer liability upon the county itself absent a showing that the county inflicted the injury complained of through its acts or omissions.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  A claim against a municipality for failure to train may only be premised on a deliberate or conscious choice not to train.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010).  Plaintiff's complaint contains no facts to support a claim for municipal liability.

**C.     Medical Treatment and Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the

4

1  Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we
2  apply the same standards." Id.
3          While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
4  care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
5  an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
6  in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
7  Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
8  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition
9  could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
10  "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing
11  Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond
12  to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680
13  F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective
14  recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and
15  quotation marks omitted); Wilhelm, 680 F.3d at 1122.
16          "A difference of opinion between a physician and the prisoner - or between medical
17  professionals - concerning what medical care is appropriate does not amount to deliberate
18  indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d
19  240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-
20  83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v.
21  McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment
22  the doctors chose was medically unacceptable under the circumstances and that the defendants chose
23  this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing
24  Jackson, 90 F.3d at 332) (internal quotation marks omitted).
25          Plaintiff's vague and conclusory allegation that he was burned by hot water during his shower
26  resulting in blisters on his ears and was not provided medical attention or "burn cream" fails to give
27  rise to a claim of "deliberate indifference." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
28  1982) (vague and conclusory allegations of official participation in civil rights violations are not

5

1  sufficient.)  Despite prior leave to amend and advisement of the legal standard, Plaintiff fails to link

2  any named individual to this violation.  Plaintiff's conclusory allegation that he was not provided

3  adequate medical treatment for his alleged burns is insufficient and too vague to state a claim.  As

4  Plaintiff was previously advised, it is simply not enough to allege wrongdoing.  Accordingly, Plaintiff

5  fails to state a cognizable constitutional violation based on his medical treatment and/or lack thereof.

6  **D.**     **Excessive Force**

7  It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from

8  the use of excessive force which amounts to punishment, <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d

9  1175, 1197 (9th Cir. 2002) (citing <u>Graham V. Connor</u>, 490 U.S. 386, 395 n.10 (1989)).  "[A] pretrial

10  detainee must show only that the force purposely or knowingly used against him was objectively

11  unreasonable." <u>Kingsley v. Hendrickson</u>, __ U.S. __, __, 135 S.Ct. 2466, 2473 (2015).

12  Plaintiff presents a conclusory claim that he was subjected to excessive force during his arrest.

13  Indeed, the facts supporting his claim of excessive force state as follows:

> Beaten; Pedena officer Pedena used physical force without a cause took me to the Sheriff station were theirs [sic] no cameras theirs cameras [sic] at the police station to provide the fact ask how many people were at the police station to prove it was not over occupied [I] was beating [sadistically] and [maliciously] many many [sic] false charges against me that [I] know nothing of 7 to 10 officers worked me over and over ravishing me exces[s]ively beating me! My back neck severely damaged and shoulder dislocated; ears burnt.

18  (ECF No. 11, Sec. Amd. Compl. at 4.)

19  Plaintiff has not clearly delineated the factual allegations surrounding the use of force.  As

20  such, the Court cannot determine whether it is plausible that force purposely or knowingly used

21  against him was objectively unreasonable." <u>Kingsley v. Hendrickson</u>, 135 S.Ct. at 2473; <u>see also</u>

22  <u>Iqbal</u>, 556 U.S. 662, 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere

23  conclusory statements, do not suffice.")  Plaintiff does not explain what led to the incident, what if any

24  reasons were given by defendants for their actions, whether defendants engaged in other conduct to

25  defuse the use of force, or why Plaintiff believes the use of force was objectively unreasonable.

26  Without sufficient factual allegations, the Court has no basis on which "to draw the reasonable

27  inference that the [officers are[ liable for the misconduct alleged.  <u>Id.</u>  Accordingly, Plaintiff fails to

28  state a cognizable claim for excessive force under the Fourteenth Amendment.

6

**E.      Conditions of Confinement**

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

To the extent Plaintiff contends he was subjected to condition of confinement in violation of the Fourteenth Amendment claim based on the alleged spider bite and alleged injury from the electric door, such claim fails.  Plaintiff has provided no factual detail to support a Fourth Amendment claim. Despite having been provided two previous attempts to amend, Plaintiff has alleged no facts to support a Fourth Amendment claim based on the conditions of his confinement.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

The Court finds that Plaintiff's second amended complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  In this action, the Court previously granted Plaintiff leave to amend twice, with amble guidance by the Court.  Plaintiff has now filed three complaints without alleging facts against any of the Defendants which give rise to a cognizable claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///
///
///
///
///
///
///
///

7

1    Based on the foregoing, it is HEREBY ORDERED that pursuant to 28 U.S.C. § 1915A and 28

2  U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which

3  relief may be granted under § 1983, and the Clerk of Court shall enter judgment.

4

5  IT IS SO ORDERED.

6  Dated:   **March 30, 2016**

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8